Filed 7/15/14  P. v. Ramirez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252638 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA064990) |
| LAWRENCE RAMIREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Lawrence Ramirez appeals from the trial court's denial of his petition for resentencing. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As required by *People v. Kelly* (2006) 40 Cal.4th 106, 124, we provide a brief description of the facts and procedural history of the case. In 2004, appellant was convicted of second degree robbery, possession of a firearm by a felon, possession of a concealed firearm in a vehicle, and two counts of misdemeanor child endangerment. (*People v. Ramirez* (Nov. 14, 2005) B176687.) The court found true allegations that he had suffered two prior serious felony convictions within the meaning of the "Three Strikes Law" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and, on the robbery count, sentenced him to a third-strike prison term of 25 years to life, enhanced by 10 years for personal firearm use (§ 12022.53, subd. (b)) and 10 years for two prior serious felonies (§ 667, subd. (a)(1)).[2] (*People v. Ramirez, supra*, B176687.) In 2005, we affirmed the judgment in the case. (*Ibid.*)

On October 22, 2013, appellant filed a petition for resentencing under section 1170.126, citing his robbery conviction as the relevant third-strike offense. Under section 1170.126, an inmate serving an indeterminate term as a third-strike offender may be eligible for resentencing if the current felony that resulted in the third-strike sentence was not a serious or violent felony. (§§ 667.5, subd. (c), 1170.126, subds. (a), (b), 1192.7, subd. (c).) The inmate will be ineligible for resentencing if, among other things,

[1] Further undesignated statutory references are to the Penal Code.

[2] On the firearm possession counts, the court vacated one prior conviction finding and agreed to consider two prior convictions as one, then sentenced appellant to second-strike terms of six years on each count. One term was to run concurrently to the robbery term, and the other was stayed under section 654. The court imposed a consecutive six-month term for the first child endangerment count and a concurrent six-month term for the second child endangerment count. (*People v. Ramirez, supra*, B176687.)

2

the inmate used a firearm in the commission of the current felony. (§ 1170.126, subd. (e)(2).)

The trial court denied appellant's petition for resentencing on the ground that he was ineligible for resentencing. His conviction for second degree robbery was a violent felony under section 667.5, subdivision (c)(9). Further, the jury found he had used a firearm during the commission of the robbery. Appellant timely appealed from the denial order.[3]

## DISCUSSION

We appointed counsel to represent appellant in this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On March 24, 2014, we advised appellant he had 30 days within which to submit any contentions or issues that he wished us to consider.

Appellant filed a supplemental letter brief. He argues we should conduct a complete review of the sentencing hearing because "[t]here was a lot of confusion" about whether the evidence was sufficient to establish the alleged priors. He also asserts his current counsel is ineffective on appeal because she has not argued the evidence of his priors was insufficient. Appellant's contentions are unavailing. The time for reviewing the evidence of his priors or other purported errors made at the sentencing hearing is long past. Appellant's sentence constituted the final judgment of conviction from which an appeal should have been and was taken. (§ 1237, subd. (a).) He had an opportunity to argue the evidence of his priors was insufficient, and in fact, he asserted in his prior

---

[3]    The appellate courts have reached conflicting conclusions on whether an order denying a resentencing petition is appealable, and the issue is currently under review by the California Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708, and *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922. We need not decide this threshold issue and add to the debate but will proceed to the merits of the appeal. Even if the order is not appealable, we could review the order by writ petition. (*In re Machado* (2014) 226 Cal.App.4th 1044, 1049.)

appeal that the court erred in denying his motion to vacate the strike findings. (*People v. Ramirez, supra*, B176687.) We affirmed the judgment of conviction and it is now final. In this appeal, we are considering the postjudgment order denying his resentencing petition, and we review only that for error.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see also *People v. Kelly, supra*, 40 Cal.4th at pp. 123-124.)

**DISPOSITION**

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.

4